**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| MARIO PEREZ, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| *Plaintiffs*, | § § | Civ. No. 4:22-cv-4369 |
| V. | § § | JURY DEMANDED |
| RELIABLE WIRELINE, LLC, AND BRANDON BAILEY, | § § § | |
| *Defendants.* | § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Mario Perez ("Perez"), on behalf of himself and all others similarly situated (collectively "Plaintiffs") files this Original Complaint ("Complaint") against Defendants Reliable Wireline, LLC ("Reliable Wireline") and Brandon Bailey ("Bailey") (collectively "Defendants"), and would show as follows:

### I.   PRELIMINARY STATEMENT

1. This lawsuit seeks damages against Defendants for violations of the Fair Labor Standards Act ("FLSA"), as amended (29 U.S.C. § 201- *et. seq*.).  Specifically, Plaintiffs allege that Defendants violated the FLSA by failing to include Plaintiffs' non-discretionary bonuses into Plaintiffs' regular rate of pay, and thereby failing to pay Plaintiffs the full overtime pay they are entitled to under the FLSA. Plaintiffs seek to recover unpaid overtime wages, statutory liquidated damages, attorneys' fees, and costs. Moreover, Plaintiffs seek to certify this matter as a collective action under the FLSA.

1

## II.    PARTIES

2. Plaintiff Mario Perez is a former employee of Defendant. Perez brings this action on behalf of himself and all others similarly situated. Perez' Consent to Join is attached hereto as Exhibit A.

3. Defendant Reliable Wireline, LLC is a limited liability company organized under the laws of Texas, and may be served through its registered agent for service of process, Brandon Bailey, at 2710 Reed Road, Suite 160, Houston, Texas 77051.

4. Defendant Brandon Bailey is the owner and president of Reliable Wireline, LLC. He may be served individually at 2710 Reed Road, Suite 160, Houston, Texas 77051. Bailey has the authority to hire and fire Reliable Wireline employees; supervises and controls employee work schedules and conditions of employment to a substantial degree; determines employee rate of pay and method of payment; and maintains employee employment records.

## III.    JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), which provides, "An action to recover liability prescribed in either of the preceding sentences may be maintained against any employer . . . in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself and themselves and other employees similarly situated."

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's business is based in Houston.

## IV.    FACTUAL ALLEGATIONS

7. At all times hereinafter mentioned, Defendants have been an employer and enterprise engaged in commerce within the meaning of the FLSA. Defendants have

employees engaged in interstate commerce. Defendants have an annual gross volume of sales made or business done of not less than $500,000.00. In addition, at all times hereinafter mentioned, Plaintiffs were engaged in commerce as required by 29 U.S.C. §§ 206-207.

8. Defendants provide a range of cased hole electric wireline services to its clients.

9. Perez worked for Defendants at various times between approximately August 13, 2018 through approximately December 31, 2021. His most recent title was Operator II.

10. Perez was paid on an hourly basis, and routinely worked in excess of forty hours per week.

11. Defendants designated Perez and other similarly situated employees as not exempt from the FLSA.

12. Defendants paid Perez and other similarly situated employees an hourly rate, and also paid them a non-discretionary bonus (the "Bonus"). In addition, Defendants paid Perez and other similarly situated employees one-and-one-half of their hourly rate for each hour they worked over forty in a workweek.

13. Defendants paid Perez and other similarly situated employees their Bonus on the 15th day of every month. Perez and other similarly situated employees received the bonuses. The Bonus was based on a predetermined formula based on the stage of work completed. Defendants did not retain discretion regarding the amount and timing of payment.

14. Perez and other similarly situated employees knew about and expected to receive the Bonus each month, and in fact did receive said Bonus.

15. However, Defendants did not include the Bonuses for Perez and other similarly situated employees into their regular rate when calculating their overtime pay.

16. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

17. Defendants violated the FLSA by not including the Bonus of Perez and other similarly situated employees into their regular rate when calculating their overtime pay.

## V. <u>CAUSE OF ACTION: FLSA MISCALCULATION OF OVERTIME</u>

18. The preceding paragraphs are incorporated herein for all purposes.

19. As described above, Defendants violated the FLSA. Specifically, as non-exempt employees, Plaintiffs were required to work more than 40 hours per workweek without compensation at the overtime rates required by the FLSA for the hours worked in excess of 40 per week.

20. Defendants' unlawful conduct was willful and intentional. Defendants were aware, or should have been aware, that the practices described herein are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Perez and other similarly situated employees.

21. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255. Therefore, Plaintiffs are entitled to back pay equal to the amount of unpaid overtime for the past 36 months and an additional equal amount as liquidated damages under § 216 of the FLSA, plus attorneys' fees, post-judgment interest, and all costs of court.

22. Pursuant to Section 16(b) of the FLSA, Perez brings this Complaint, and any amendments thereto, as a collective action, on behalf of himself and all persons similarly situated who consent to join this litigation, by filing a written consent with the Court, such persons making claims under the FLSA for the three years preceding the filing of this Complaint, or the three years preceding the filing with the Court of each such person's written consent to join until entry of judgment after trial.

23. Defendants have a common policy of not including the Bonuses for Perez and other similarly situated employees into their regular rate when calculating their overtime pay.

24. Therefore, the Court should certify a collective action of all hourly employees that: worked more than forty (40) hours in a workweek; received non-discretionary bonuses that were not included into their regular rate when calculating their overtime pay; and that worked at any time during the three years preceding the filing of this Original Complaint to the present.

25. Perez is informed and believes, and based thereon, alleges that there are numerous putative FLSA class members who could "opt-in" to this case; the actual number of FLSA class members is readily ascertainable by a review of Defendants' records through appropriate discovery; and Plaintiffs propose to take proceedings in this action to have such persons notified of this litigation and given an opportunity to file written consents to join this litigation.

## VI. JURY TRIAL DEMAND

26. Perez, on behalf of himself and all similarly situated employees, demands a jury trial on all issues so triable.

## VII. PRAYER

27. Perez, on behalf of himself and all similarly situated employees, respectfully requests that the Court certify this case as a collective action under the Fair Labor Standards Act for failure to pay overtime properly and order court-supervised notice to the class and further demands judgment against Defendants for the following:

(a) actual damages for unpaid overtime wages under the FLSA;

(b) liquidated damages as provided by the FLSA;

(c) reasonable attorney's fees under the FLSA;

(d) pre-judgment and post-judgment interest as provided by law;

(e) all costs of court; and

(f) any other relief to which Perez and the members of the putative class may be entitled, whether in law or equity.

Respectfully submitted,

**THE MORALES FIRM, P.C.**
6243 W. Interstate 10, Suite 132
San Antonio, Texas 78201
Telephone: (210) 225-0811
Facsimile: (210) 225-0821

BY: /S/Melissa Morales Fletcher
Melissa Morales Fletcher, *Of Counsel*
State Bar No. 24007702
Email: Melissa@themoralesfirm.com

**ATTORNEY FOR PLAINTIFFS**